UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRETT HENDERSON,<br><br>Defendant. | Case No. 4:08-cr-00292-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Brett Henderson's Motion for Early Termination from Supervised Release. (Dkt. 141.) The Government opposes the motion. (Dkt. 144.) After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

On or about February 9, 2010, Mr. Henderson was sentenced to a term of 150 months followed by 10 years of supervised release. In 2015, the sentence was reduced to 127 months followed by 10 years of supervised release. Mr. Henderson was released from prison on November 2, 2018 and has served thirty-three months of his 120-month supervision term.

Since Mr. Henderson has been on supervised release, he has had no violations, has never tested positive for illicit substances, has had success at his

MEMORANDUM DECISION AND ORDER - 1

current job, and has not had contacts with law enforcement.

## DISCUSSION

Under 18 U.S.C. § 3583(e), district courts have discretion to grant early termination of supervised release so long as the defendant has served at least one year on supervision and the court is satisfied that early release is "warranted by the conduct of the defendant released and the interest of justice." In exercising its discretion, the court must consider certain statutory factors enumerated in 18 U.S.C. § 3553(a), such as nature and circumstances of the underlying offense, the defendant's history and characteristics; deterrence; public safety; rehabilitation; proportionality; and consistency. See id (citing § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7)).

Mr. Henderson points to his successes in complying with the terms of his release, a relationship with his young son, and a recent promotion at PepsiCo as warranting an early termination of his supervised release. The Government argues that termination is not warranted because compliance with the conditions of supervision is expected of any defendant, and Mr. Henderson has pointed to no other unusual or extraordinary circumstances warranting early termination.

The Court is not persuaded to grant an early termination of supervised release in this case. As it has noted before, "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person

**MEMORANDUM DECISION AND ORDER - 2**

under the magnifying glass of supervised release and does not warrant early termination." *United States v. Chacon*, Memorandum Decision and Order, Case No. 4:05-cr-00014-BLW, p.2, citing *United States v. McKay*, 352 F. Supp. 2d 359, 361 (S.D.N.Y. 1998). Defendants seeking an early release must instead show something more – something unusual or extraordinary. *See United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013).

As noted in his moving papers, Mr. Henderson has successfully maintained a job where he has been recently promoted, he has built a relationship with his son and his son's mother, and he has otherwise stayed out of trouble. The Court very much commends Mr. Henderson for his post-release activities and successes. Nevertheless, his post-release performance is not extraordinary and the more broadly, the Court is not convinced that early termination is "warranted by the conduct of the defendant." 18 U.S.C. § 3583(e)(1)(A).

## ORDER

**IT IS ORDERED** that Brett Henderson's Motion for Early Termination from Supervised Release (Dkt. 141) is **DENIED**.

DATED: August 6, 2021

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**