UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRETT HENDERSON,<br><br>Defendant. | Case No. 4:08-cr-00292-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Brett Henderson's motion for early termination from supervised release. Dkt. 146. The Government opposes the motion. Dkt. 150. For the reasons explained below, the Court will deny the motion.

# DISCUSSION

On February 9, 2010, Mr. Henderson was sentenced to a term of 150 months followed by 10 years of supervised release. In 2015, the sentence was reduced to 127 months followed by 10 years of supervised release. Mr. Henderson was released from prison on November 2, 2018 and has served almost half of his 120-month supervision term. There have been no issues of non-compliance during his term of supervised released.

Because Mr. Henderson has served more than a year of supervised release,

MEMORANDUM DECISION AND ORDER - 1

the Court may terminate supervised release if it determines "that such action is warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Just as a court has broad discretion in imposing terms of supervised release, it has broad discretion to consider a "wide range of circumstances" in determining whether to terminate an individual's supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

After having considered these factors, the Court concludes that the interests of justice do not warrant early termination of supervision. The Court compliments Mr. Henderson for his performance on supervision. However, Mr. Henderson has not outlined any changes in circumstances that would justify the early termination

**MEMORANDUM DECISION AND ORDER - 2**

of supervision. At best, he cites to his sobriety, employment record, and family relationships, which the Court commends, but does not find warrant early termination given his serious previous criminal history.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to terminate supervised release (Dkt. 146) is **DENIED**.

DATED: June 29, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**